## In re WATERLOO ORGAN CO.

### (District Court, W. D. New York. March 7, 1904.)

### No. 1,073.

1. CORPORATIONS—LEGALITY OF ACTS—DEFENSE OF ULTRA VIRES.

   The plea of ultra vires will not prevail, whether raised for or against the corporation, when its effect would be to accomplish a legal wrong.

2. SAME—ISSUANCE OF BONDS—CONSIDERATION.

   Under the New York statute (Laws 1890, p. 1073, c. 564) which permits corporations to issue stock or bonds only for money, labor, or property received, a corporation may lawfully issue its bonds in exchange for the promissory note of an individual who is solvent, where the transaction is in good faith.

In Bankruptcy.
See 118 Fed. 904.

Frederick L. Manning, for petitioners.
Hammond & Hammond, for First Nat. Bank and claimant Bacon.

HAZEL, District Judge. This is a review of the decision of Hawley, referee, allowing the claim of one Bacon, owner of two bonds of the bankrupt corporation. Bacon had previously sold his stock in the Waterloo Organ Company to one Reed, its president, and taken his note in payment therefor. Reed was admittedly solvent. The bonds were issued to Bacon in exchange for this note at the instance of the secretary of the Waterloo Company, and with the consent of the corporation. It is objected by the trustee that pursuant to section 42 of the New York State stock corporation law of 1890 (Laws 1890, p. 1073, c. 564), a corporation is forbidden to issue its stock or bonds in exchange for promissory notes. The trustee contends that such bonds may legally be issued for money, labor, or property actually received to carry out the purposes for which the corporation was primarily created, and that a negotiable note or uncertified check does not come within this classification. The evidence establishes that the bonds in question were issued for the benefit of the corpo-

¶ 1. See Corporations, vol. 12, Cent. Dig. § 1545.

tation, and for what must be legally regarded as property actually received. The validity of such bonds is therefore beyond legal dispute. That the promissory note for which the bonds in question were given was not paid is immaterial. It was an asset, and treated as such by the corporation, which regularly included the same in its inventory. There was nothing to prevent the transfer of the note or to enforce its payment during a long period, and to thus realize its actual cash value. Furthermore the Waterloo Organ Company was fully apprised of the sale of the bonds, and the consideration paid. It must be deemed to have ratified such transfer, in the absence of bad faith, especially as the capital stock of the corporation was largely, if not wholly, owned by the maker of the note and by members of his family. It is held to be a rule of general application that the plea of ultra vires will not prevail, whether raised either for or against the corporation, when its effect will be to accomplish a legal wrong. Whitney Arms Company v. Barlow, 63 N. Y. 62, 20 Am. Rep. 504. Assuming, then, the transaction free from fraud as against creditors, it would be antagonistic to sound equitable principles to hold that the owner of the bonds must now be deprived of participating in the distribution of the assets of the corporation. Was fraud proved? Upon the question of the bona fides, the transaction might, upon the evidence, be found either innocent or culpable. The referee, after full and painstaking consideration, specifically found and decided that the transfer of stock by Bacon to Reed, president of the bankrupt, the acceptance of his promissory note in payment therefor, and the subsequent purchase for the said note of two bonds of the corporation at the instance of its secretary, was not tainted with fraud. As has been pointed out, the evidence and deductions that might fairly be drawn therefrom are capable of different impressions. Had the referee held the transaction colorable and in fraud of creditors, his finding would not be disturbed. He has, however, on the contrary, seen fit to draw an innocent inference from the proofs, and his views upon the facts adduced from witnesses who testified in his presence are entitled to great weight. The analysis by the referee of the facts and of the conflicting statements of the witnesses is persuasive of the correctness of his conclusions.

The report of the referee is sustained.